UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUMAN BERG, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SUNROAD AUTO, LLC d/b/a KEARNY MESA FORD KIA; JULIE FREDERICK; DOES 1-20, inclusive;<br><br>　　　　　　　　　　　Defendants. | Case No.:  23-cv-01949-DMS-AHG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** |

Pending before the Court is Defendants Sunroad Auto, LLC ("Defendant Sunroad Auto") and Julie Frederick's motion to compel arbitration (Defendants' Mot. to Compel Arbitration, ("Defs.' Mot."), ECF No. 5.)  Plaintiff Truman Berg filed a response in opposition, (Plainitff's Response in Opposition, ("Pl.'s Opp'n"), ECF No. 6), and Defendants filed a reply.  (ECF No. 9.)  This case was reassigned to the undersigned on March 30, 2024.  (ECF No. 11.)  For the following reasons, Defendants' motion to compel arbitration is granted.

**I.　　BACKGROUND**

In December 2020, Plaintiff Truman Berg was employed to serve as a finance manager at Defendant Sunroad Auto, LLC's Kearny Mesa Ford Kia dealership in San Diego, California.  Defendant Julie Frederick, Sunroad Auto's Finance Director, was

1

Plaintiff's direct supervisor. In September 2022, Plaintiff contends he suffered from general illness, fatigue, and rapid weight loss. Plaintiff alleges he immediately reported these symptoms to Defendants and "Defendants began a campaign of discrimination harassment, and retaliation against [him] that included repeated unfounded reprimands, pressuring him to work during medical leave, and forcing him to attend meetings unrelated to his duties." (Pl.'s Opp'n at 2.) After Plaintiff was diagnosed with Crohn's Disease, he requested formal medical leave. Plaintiff contends Defendant Sunroad Auto fired him shortly after his request for medical leave and "defamed [him] by lying to employment recruiters and the Employment Development Department of California about Plaintiff's character and the reasons for his termination." (*Id.*) Thus, Plaintiff filed suit against Defendants alleging causes of action under the Americans with Disabilities Act, the Family Medical Leave Act, the California Family Rights Act, the Fair Employment and Housing Act, wrongful discharge in violation of public policy, and defamation.

On April 18, 2022, and again on November 30, 2022, while employed by Defendant Sunroad Auto, Plaintiff signed arbitration agreements with Defendant Sunroad Auto in which Mr. Berg agreed to utilize binding arbitration as the sole and exclusive means to resolve all disputes arising out of his employment with Defendant Sunroad Auto. The focus of the instant motion and this Order is the most recent arbitration agreement signed in November of 2022 entitled "Mutual and Voluntary Agreement to Arbitrate Claims." (Declaration of Bruce Carter, Exhibit 1, ("November 2022 Arbitration Agreement"), ECF No. 5.) The November 2022 arbitration agreement expressly states that it does not supersede the April 2022 agreement, however, it controls to the extent that any of its terms conflict with the prior agreement. (*Id.*) Thus, Defendants ask the Court to enforce the November 2022 arbitration agreement and stay this action pending completion of arbitration. In response, Plaintiff asks the Court to void both the April 2022 and November 2022 arbitration agreements as procedurally and substantively unconscionable.

//

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, governs the enforcement of arbitration agreements involving interstate commerce. *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 232–33 (2013). "The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). "The FAA 'leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration has been signed.'" *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). Accordingly, the Court's role under the FAA is to determine "(1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If both factors are met, the Court must enforce the arbitration agreement according to its terms.

A federal court "applies ordinary state-law principles that govern the formation of contracts' to decide whether an agreement to arbitrate exists." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Thus, "[l]ike other contracts, arbitration agreements can be invalidated for fraud, duress or unconscionability." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 921 (9th Cir. 2013) (citing *Concepcion*, 563 U.S. at 339).

## III. DISCUSSION

### A. Valid Agreement to Arbitrate

As set out above, the first issue under the FAA is whether there is a valid agreement to arbitrate. Plaintiff does not dispute that he signed both the April 2022 and November 2022 arbitration agreements with Defendant Sunroad Auto providing that arbitration is the sole and exclusive remedy for disputes relating to Plaintiff's employment and termination of employment. As stated above, however, the focus of the instant motion and this

accompanying Order is the most recent November 2022 arbitration agreement.[1]  The November 2022 arbitration agreement expressly states that it applies to both Defendant Sunroad Auto and its managers, employees, and agents, including Plaintiff's direct supervisor, Defendant Julie Fredericks.  Plaintiff does not dispute that all claims arising from this lawsuit are covered by the arbitration agreement.  Thus, the November 2022 agreement demonstrates the existence of a valid agreement to arbitrate.

"Once it is established that a valid agreement to arbitrate exists, the burden shifts to the party seeking to avoid arbitration to show that the agreement should not be enforced." *Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, No. 19-CV-00792-EMC, 2020 WL 5500453, at *5 (N.D. Cal. Sept. 11, 2020) (citing *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000)).  Here, Plaintiff contends the arbitration agreement is unenforceable under California law because it is procedurally and substantively unconscionable.

**B. Unconscionability**

"Under California law, a contract must be both procedurally and substantively unconscionable to be rendered invalid." *Chavarria*, 733 F.3d at 922 (citing *Armendariz v. Found. Health Psychare Servs., Inc.*, 24 Cal. 4th 83, 99 (2000)).  "To establish this defense, the party opposing arbitration must demonstrate procedural and substantive unconscionability, but both 'need not be present in the same degree.  Instead, a sliding scale exists such that 'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable and vice versa.'" *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1000 (9th Cir. 2021) (quoting *Sanchez v. Valencia Holding Co.*, 61 Cal. 4th 899, 910 (2015)).

---

[1] For the reasons discussed in this Order, the Court finds the November 2022 arbitration agreement to be a valid and enforceable arbitration agreement covering the claims in dispute.  Thus, the Court need not address Plaintiff's arguments as they pertain to the April 2022 arbitration agreement.

*i. Procedural Unconscionability*

"Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement." *Chavarria*, 733 F.3d at 922. "Oppression addresses the weaker party's absence of choice and unequal bargaining power that results in 'no real negotiation.'" *Id.* (quoting *A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 486 (1982)). "Oppression can be established 'by showing the contract was one of adhesion or by showing from 'the totality of circumstances surrounding the negotiation and formation of the contract' that it was oppressive.'" *Lim*, 8 F.4th at 1000 (quoting *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1348 (2015)). "Surprise involves the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party." *Chavarria*, 733 F.3d at 922 (citing *Parada v. Super. Ct.*, 176 Cal. App. 4th 1554, 1571 (2009)). "To establish procedural unconscionability, Plaintiff must demonstrate that he was surprised by some aspect of the agreement, or that his consent to its terms was obtained under coercion or duress." *Lang v. Skytap, Inc.*, 347 F. Supp.3d 420, 427 (N.D. Cal. 2018).

"A procedural unconscionability analysis 'begins with an inquiry into whether the contract is one of adhesion.'" *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 126 (2019) (quoting *Armendariz*, 24 Cal. 4th at 113). "An adhesive contract is standardized, generally on a preprinted form, and offered by the party with superior bargaining power 'on a take-it-or-leave-it basis.'" *Id.* (quoting *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1245 (2016)). Plaintiff contends the November 2022 arbitration agreement is a contract of adhesion because the agreement was drafted by Plaintiff's employer, a party with superior bargaining party, and it was presented on a "take it or leave it" basis as Plaintiff did not have an opportunity to negotiate the terms. "It is well settled that adhesion contracts in the employment context, that is, those contracts offered to employees on a take-it-or-leave-it basis, typically contain some aspects of procedural unconscionability." *Serpa v. Cal. Surety Investigations, Inc.*, 215 Cal. App. 4th 695, 704 (2013). However, it is also well

settled that "unless one's employment is conditioned on the signing of an adhesion contract without negotiation, then the degree of procedural unconscionability is low." *Taylor v. Eclipse Senior Living, Inc.*, Case No. 20-cv-190-LAB (WVG), 2022 WL 1004560 at *4 (S.D. Cal. April 4, 2022) (citing *Poublon v. CH Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017)).  Thus, the analysis turns on whether Plaintiff's employment was conditioned on singing the arbitration agreement.

Defendants argue Plaintiff's employment was not contingent upon signing the arbitration agreement for it is a voluntary, not mandatory agreement.  Defendants note the agreement is entitled "**MUTUAL AND VOLUNTARY AGREEMENT TO ARBITRATE CLAIMS**" placed at the top of the page in capital letters, bolded, and underlined.  (November 2022 Arbitration Agreement at 1).  The agreement states "I understand the Company has proposed this arbitration agreement to me and I have the right to accept or reject it." (*Id.*)  The agreement further states "I understand the Company does not retaliate or discriminate against applicants or employees who refuse to consent to arbitration." (*Id.*)  The agreement concludes with "**I VOLUNTARILY AGREE AND ASSENT TO THE TERMS OF THIS AGREEMENT**" placed in a larger bolded font and all capital letters. (*Id.* at 2.)  Although Plaintiff contends, he believed his employment was conditional upon signing the agreement, the plain language of the contract states otherwise.  Because the arbitration agreement clearly states that Plaintiff may opt out of the agreement and maintain his employment with Defendant Sunroad Auto, the Court does not find the agreement to be an adhesion contract.  *See Cir. City Stores, Inc. v. Ahmed,* 283 F.3d 1198, 1199 (9th Cir. 2002) (finding that a voluntary arbitration agreement in which the plaintiff had an opportunity to opt out of the arbitration provision "lacks the necessary element of procedural unconscionability").

"In the absence of an adhesion contract, the oppression aspect of procedural unconscionability can be established by the totality of the circumstances surrounding the negotiation and formation of the contract." *Grand Prospect Partners, L.P.*, 232 Cal. App. 4th at 1348.  Plaintiff contends Defendants "relied on highly oppressive tactics to secure

Mr. Berg's signature on the documents." (Pl.'s Opp'n at 8.) Specifically, Plaintiff alleges that Defendants did not give him time to review the documents or consult an attorney before signing the arbitration agreement. Plaintiff further alleges that Defendants did not explain the terms of the agreement, nor did they provide him with a copy of the rules of the proposed arbitration. The Court is convinced that these circumstances amount to a minimal level of oppression. *See Grand Prospect Partners, L.P.*, 232 Cal. App. 4th at 1348 ("The circumstances relevant to establishing oppression include, but are not limited to (1) the amount of time the party is given to consider the proposed contract; (2) the amount and type of pressure exerted on the party to sign the proposed contract; (3) the length of the proposed contract and the length and complexity of the challenged provision; (4) the education and experience of the party; and (5) whether the party's review of the proposed contract was aided by an attorney.") (citing *Ajamian v. CantorCO2e, L.P.*, 203 Cal. App. 4th 771, 796 (2012)). However, the Court is not convinced that the circumstances of the negotiation necessitate a finding that the contract is "unduly oppressive" or "so one-sided as to shock the conscience" as is required to find a contract procedurally unconscionable. *Grand Prospect Partners, L.P.*, 232 Cal. App. 4th at 1348. The contract was two pages long, written in clear and unambiguous language, and even went so far as to underline, bold, and capitalize the important portions of the agreement.

Additionally, because the "contract clearly disclose[d] its terms as well as the reasonable expectations of the weaker party," it cannot be said that Plaintiff was or reasonably should have been surprised by the terms of the agreement. *Chavarria*, 733 F.3d 916 at 922. Plaintiff has not met his burden of proving procedural unconscionability for the text of the arbitration agreement combined with California's preference of enforcing arbitration agreements weigh in favor of enforcing the agreement as written. *OTO, L.L.C.*, 8 Cal. 5th at 125, 129 ("California law strongly favors arbitration. . . Arbitration contracts are vigorously enforced out of respect for the parties' mutual and voluntary agreement to resolve disputes by this alternative means.") Additionally, even if the Court were to find the contract to be procedurally unconscionable, "the finding of procedural

unconscionability alone is not enough, to deny a motion to compel arbitration" for Plaintiff must establish "significant substantive unfairness to avoid arbitration." *MacClelland v. Cellco Partnership*, 609 F. Supp. 3d 1024, 1033 (N.D. Cal. 2022). Because the degree of procedural unconscionability is minimal at best, "the agreement is unenforceable only if the degree of substantive unconscionability is high." *Doston v. Amgen, Inc.*, 181 Cal. App. 4th 975, 982 (2010).

　　*ii. Substantive Unconscionability*

　　"Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided." *Lane v. Francis Capital Management LLC*, 224 Cal. App. 4th 676, 692 (2014). Plaintiff contends the arbitration agreement is substantively unconscionable for three reasons: (1) the April 2022 agreement unfairly subjects Plaintiff to significant arbitration fees and expenses; (2) the April 2022 agreement inappropriately precludes tolling of the applicable statutes of limitations; and (3) the April 2022 agreement imposes prejudicial confidentiality requirements. However, each of Plaintiff's arguments pertains only to the April 2022 agreement and not the November 2022 agreement. Plaintiff fails to argue that the November 2022 arbitration agreement is substantively unconscionable. *See Grand Prospect Partners, L.P.*, 232 Cal. App. 4th at 1348 ("The party challenging the validity of a contract or contractual provision bears the burden of proving unconscionability.") Thus, the Court need not address Plaintiff's arguments as they pertain to the April 2022 arbitration agreement. For the reasons discussed above, the Court finds the November 2022 agreement to be a valid and enforceable arbitration agreement. Accordingly, the Court **GRANTS** Defendants' motion to compel arbitration, enforces the November 2022 arbitration agreement, and stays the case pending arbitration. *See Smith v. Spizzirri*, 144 S. Ct. 1173, 1178 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.")

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendants' Sunroad Auto and Julie Frederick's motion to compel arbitration is **GRANTED**. The Court stays the litigation to permit arbitration of Plaintiffs' claims. Within fourteen (14) days of the completion of the arbitration proceedings, the parties shall jointly submit a report advising the Court of the outcome of the arbitration and request to dismiss the relevant counts or vacate the stay.

**IT IS SO ORDERED.**

Dated: June 3, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court